Joseph L. HOWARD, Petitioner,

v.

DEPARTMENT OF the AIR
FORCE, Respondent.

No. 88–3419.

United States Court of Appeals,
Federal Circuit.

May 31, 1989.

Dalma C. Grandjean, Grandjean & Goraleski, Dayton, Ohio, argued, for petitioner.

Jeanne A. Anderson, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief, were John R. Bolton, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief was Joseph J. Traficanti, Major, USAF, Office of The Judge Advocate, Washington, D.C., of counsel.

Before SMITH, BISSELL, and MICHEL, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this sexual harassment case, Joseph L. Howard (Howard), appeals the decision of the Merit Systems Protection Board (board),[1] sustaining the Department of the

---

1. The administrative law judge, on February 16, 1988, issued the board's initial decision, docket No. CHO–7528810028. On July 22, 1988, the board denied Howard's petition for review and the initial decision became final. 37 M.S.P.R. 414.

Air Force's (agency) removal of Howard from his position as a medical machine technician for the Department of the Air Force at Wright–Patterson Air Force Base, Ohio. We affirm.

### Issues

On appeal, we address the following issues:

1. Whether the board erred by determining that, in a removal action pursuant to chapter 75 of title V, the agency is not required to establish the same elements of proof required of complainants bringing actions for sexual harassment under title VII of the Civil Rights Act of 1964.

2. Whether the board's decision sustaining Howard's removal from his medical machine technician position based on charges of sexual harassment is supported by substantial evidence, and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, or obtained without procedures required by law, rule, or regulation having been followed.

### Background

On October 12, 1987, Howard was removed from his position as a medical machine technician with the Air Force. In its July 15, 1987, notice of proposed removal, the agency charged Howard with harassing three female co-workers with unwelcome, sexually related conduct that created an offensive work environment. Each one of the three female co-workers submitted written statements detailing Howard's conduct.

The agency, on the basis of its determination that the sexual harassment charge was proved and that the charge was of such a serious nature as to warrant removal, concluded that Howard's removal from his position was the appropriate penalty for his misconduct. In accordance with the

proper procedures, Howard then appealed his removal to the board.

The board heard testimony regarding Howard's conduct from the three female co-workers who had provided written statements to the agency. The board found that their testimony was "consistent with their prior written statements" and that their testimony was more credible than Howard's testimony.[2] The first witness testified that Howard told her "weird" sexual stories about past affairs with other women and about his experience in administering EKG exams to females.[3] She testified that these stories were usually told by Howard when he was alone with her, and that his tone was lewd and harassing. The first witness also testified that Howard suggested to her that they "go to the beach in Cincinnati and make wild love all afternoon."[4]

The second witness testified that, after knowing Howard for only 3 days, Howard grabbed her and kissed her. Furthermore, she testified that nearly all of Howard's conversations with her related to sex, and that on at least one occasion, Howard asked her explicit questions about her weight, body functions, breast size, and sex drive.[5]

The third complaining witness testified that, during her pre-employment eye examination at Howard's duty station, Howard asked her if she was pregnant and told her that she could only be sure she was not pregnant if she was "not 'doing anything.'"[6] She also testified that, after she commenced employment, Howard, on many occasions, touched her shoulders and back with his hands in spite of her repeated demands to stop. The third witness further testified that she was afraid to go to the water fountain or to the bathroom for fear that she might be trapped by Howard.[7]

2. *Howard v. Department of the Air Force* (1988) [37 M.S.P.R. 414 (Table)].

3. *Id.* at 4.

4. *Id.* at 5.

5. *Id.* at 6.

6. *Id.* at 7.

7. *Id.* at 8.

The board, in sustaining the agency's action, found that Howard's conduct was "unwelcome," was "of a sexual nature," and was "offensive." [8] In addition, the board found that Howard's conduct was "likely to have an adverse effect on the functioning of the agency." [9] Finally, the board determined that, in the circumstances of this case, the removal of Howard by the agency was a reasonable penalty for Howard's misconduct.

### Analysis

#### A. *The Charge*

██ Our review of the board's determination of sexual harassment is limited. This court's role is not to conduct a de novo appraisal; rather, we address only whether the administrative determination is supported by substantial evidence on the record as a whole.[10] Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." [11]

Howard argues that he did not sexually harass his female co-workers. As grounds for his argument, Howard contends that it is insufficient that the complainants testified that they found his conduct unwelcome and that his sexual conversations made them nervous and uncomfortable. Howard asserts that the board's decision was incorrect because none of the witnesses testified that they felt sexually harassed. Howard's arguments are not persuasive.

██ The board's credibility determinations concerning the complainants, together with the documentary record, supply substantial evidence to support the charge of sexual harassment. The complainants need not testify in express words that they felt sexually harassed. Their testimony clearly established that they viewed Howard's conduct as insulting, intimidating,

and offensive. The evidence shows that Howard's behavior caused the women to avoid him, to demand that he stop touching them, and, in one complainant's case, it caused her to alter her work habits to avoid being alone in the halls with Howard. On this basis, we hold that there is substantial evidence in the record to support the board's determination of sexual harassment.

#### B. *Elements of Proof*

██ It is well established that sexual harassment creating a "hostile environment" violates an employee's right, protected under 42 U.S.C. § 2000e–16, "to work in an environment free from discriminatory intimidation, ridicule, and insult." [12] In addition, the Government has a right to remove employees whose conduct will subvert its employees' performance.[13] The board found that the agency had demonstrated that Howard's conduct was unwelcome, sexual in nature, offensive, and likely to have an adverse effect on the agency's functioning.

Howard argues that the agency should have been required to establish the same elements of proof required of complainants bringing actions for sexual harassment under title VII of the Civil Rights Act of 1964, *e.g.*, proof that sexually harassing conduct altered the conditions of employment or work performance of its employees. Howard contends that since he was not informed, in the notice of proposed removal, what regulation he was charged under, and since the notice of removal used the "same" language as the Equal Employment Opportunity Commission (EEOC) under title VII, Howard believed he was being charged with sexual harassment under title VII and, therefore, these provisions

**8.** *Id.* at 10–11.

**9.** *Id.* at 11.

**10.** *Brewer v. United States Postal Serv.,* 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

**11.** *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

**12.** *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).

**13.** *See Carosella v. United States Postal Serv.,* 816 F.2d 638, 643 (Fed.Cir.1987).

should have been applied by the board. We are not persuaded by this argument.

To establish a title VII claim by an employee against an employer for a hostile work environment caused by sexual harassment, the complaining employee must allege and prove, inter alia, that the harassment complained of affected a term, condition, or privilege of employment.[14] An employee's "state of psychological well being is a term, condition, or privilege of employment within the meaning of Title VII." [15] On the other hand, a complainant is not required to "file an EEOC action as a prerequisite to agency discipline of an employee whose actions are affecting the work environment." [16] When disciplining an employee for sexually harassing conduct, the government must prove, at a minimum, that the conduct is " 'sufficiently severe or pervasive' to 'create an abusive working environment.' " [17]

■■■ Here, the board found that "[a]lthough there [was] no evidence that any of the three complaining witnesses suffered any psychological damage as a result of [Howard's] conduct," the affected employees had begun to change their work habits in order to avoid contact with Howard.[18] Additionally, the board found that Howard's conduct, if allowed to continue, "would eventually create an atmosphere so offensive that it would affect the three witnesses' ability to perform their duties and, thereby adversely affect the functioning of the agency." [19] We hold that for purposes of an adverse action an employee's conduct already impacting other employees' work habits can create "an abusive working environment" even though the other employees' psychological well being is not currently affected. The conduct, however, must be of such severity that, if allowed to continue, would seriously affect the psychological well being of the other employees.[20] Such was the case here.

## C. *The Penalty*

■■■ Howard argues that the board erred by sustaining Howard's removal from his position by the agency. Howard contends there are mitigating factors in his case that warrant a lesser penalty and that the penalty of removal was too harsh. Notwithstanding Howard's assertions, after a thorough review of the record as a whole, we must uphold the board's decision sustaining the penalty of removal imposed on Howard by the agency.

The board, in affirming the agency's removal of Howard as a penalty for his misconduct, considered the totality of the circumstances in this case in reaching its decision. The factors considered by the board included the nature and seriousness of Howard's offenses and his past disciplinary record. The board recognized that sexual harassment is a serious charge, the severity of which outweighed the positive factors in Howard's record. Howard sexually harassed three new female employees whom he had recently met. Howard knew or should have known that his actions were sexually offensive to and were unwelcomed by the female employees. The board found that the seriousness of his misconduct was aggravated by the fact that it continued over a period of several months despite repeated attempts to get him to stop. The board also found that unwanted physical contact is an aggravating factor upon which an agency may base a penalty more severe than might otherwise be warranted. Finally, the board found that Howard had a past disciplinary record which shows he was not a particularly valued employee. He had received a reprimand for making irresponsible statements in the presence of

**14.** *Henson v. City of Dundee,* 682 F.2d 897, 903–04 (11th Cir.1982).

**15.** *Id.* at 904.

**16.** *Carosella,* 816 F.2d at 642.

**17.** *Id.* at 640 (quoting *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2406, 91 L.Ed.2d 49 (1986)).

**18.** *Howard,* No. CHO7528810028, slip op. at 11.

**19.** *Id.*

**20.** *Cf. Downes v. Federal Aviation Admin.,* 775 F.2d 288, 292 (Fed.Cir.1985) (delineating the elements of a title VII sexual harassment claim).

patients concerning the competency and dedication of management personnel, and he also received a 2–day suspension for insubordination and making irresponsible statements to patients regarding poor health care at the medical center. Based on the circumstances, the board found that the penalty of removal was reasonable. After a thorough review of the record developed by the board, we conclude that the board met its obligation of engaging in the proper analysis of the penalty imposed and of considering whether the sustained offense was enough to justify Howard's removal.[21]

### Conclusion

In view of the foregoing, we hold that the board's decision sustaining Howard's removal by the agency is supported by substantial evidence, and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed.[22] Accordingly, the decision of the board is affirmed.

*AFFIRMED*

---

**21.** *Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280 (1981).

**22.** 5 U.S.C. § 7703(c) (1982); *see Hayes,* 727 F.2d at 1537.